# Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| THOMAS HOLLINGSWORTH,<br><br>Plaintiff,<br>v.<br><br><br>KROGER LIMITED PARTNERSHIP I;<br>KIMCO REALTY OP, LLC; and<br>UNKNOWN DEFENDANTS<br><br>Defendants. | )<br>) Case No. 3:24-CV-400-DJH<br>)<br>) Removed from Jefferson Circuit Court<br>) Civil Action No. 24-CI-04091<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT KIMCO REALTY CORPORATION AND WEINGARTEN REALTY INVESTORS</u>**

*** * * * * * * * * ***

Defendant Kimco Realty OP, LLC ("Kimco"), for its First Amended Answer to Plaintiff's Complaint in the above-captioned action, states as follows:

## I. Jurisdiction and Venue

1. Kimco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

2. Kimco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

3. Kimco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

4. Kimco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

5. Kimco admits that Weingarten Realty Investors was previously a Texas entity with a principal office in New York. Further responding, Kimco states that Weingarten Realty Investors was previously acquired and subsumed, and is no longer an active entity. Kimco denies any and all remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Kimco states that the previously substituted defendant Kimco Realty Corporation is a Maryland corporation authorized to do business in the Commonwealth of Kentucky, with its principal place of business at 500 N. Broadway, Suite 201, Jericho, NY 11753.[1] Kimco further admits that Kimco maintains C T Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601 as its registered agent within the Commonwealth of Kentucky. Kimco denies any and all remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Kimco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response is necessary or appropriate,

---

[1] *See* Dkt. Nos. 13 and 17. In light of the Order substituting Kimco in place of Kimco Realty Corporation and Weingarten Realty Investors, Kimco will respond to the remaining allegations in Plaintiff's Complaint referencing those entities as if addressed to Kimco.

Kimco is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response is necessary or appropriate, Kimco denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## II. Plaintiff's Cause of Action Against the Defendants

10. With respect to the allegations contained in Paragraph 10 of Plaintiff's Complaint, Kimco admits that Kimco owned certain real property at or near 4501 Outer Loop, Louisville, Jefferson County, Kentucky. Kimco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

11. Kimco denies the allegations contained in Paragraph 11 of Plaintiff's Complaint to the extent they are directed towards Kimco. Kimco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

12. Kimco denies the allegations contained in Paragraph 12 of Plaintiff's Complaint to the extent they are directed towards Kimco. As to the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint, Kimco is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore those allegations are deemed denied.

13. Kimco denies the allegations contained in Paragraph 13 of Plaintiff's Complaint to the extent they are directed towards Kimco. As to the remaining allegations contained in Paragraph

13 of Plaintiff's Complaint, Kimco is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore those allegations are deemed denied.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response is necessary or appropriate, Kimco states that applicable Kentucky law is the best evidence of any purported legal duties or responsibilities applicable to this matter, and Kimco denies any allegation contained in Paragraph 14 of Plaintiff's Complaint inconsistent therewith. Further responding, Kimco denies the allegations contained in Paragraph 14 of Plaintiff's Complaint to the extent they aver negligence, wrongdoing, or liability on the part of Kimco.

15. Kimco denies the allegations contained in Paragraph 15 of Plaintiff's Complaint to the extent they are directed towards Kimco and to the extent they aver negligence, wrongdoing, or liability on the part of Kimco. Kimco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

16. Kimco denies the allegations contained in Paragraph 16 of Plaintiff's Complaint to the extent they are directed towards Kimco and to the extent they aver negligence, wrongdoing, or liability on the part of Kimco. Kimco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

17. Kimco denies the allegations contained in Paragraph 17 of Plaintiff's Complaint to the extent they are directed towards Kimco and to the extent they aver negligence, wrongdoing, or liability on the part of Kimco. Kimco is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore those allegations are deemed denied.

**FIRST DEFENSE**

Kimco realleges and incorporates each and every prior objection, defense, averment, and denial in its original Answer to Plaintiff's Complaint as if fully set forth in this First Amended Answer.

**SECOND DEFENSE**

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Kimco.

**THIRD DEFENSE**

Plaintiff acted intentionally or was contributorily or comparatively negligent due to his failure to use the degree of care that would have been used by an ordinary, reasonable, and prudent person under the same or similar circumstances. Plaintiff's own intentional acts proximately caused his injuries and damages, if any, alleged in Plaintiff's Complaint.

**FOURTH DEFENSE**

Plaintiff knew, or should have known, of any dangerous conditions, if any, that may have existed on the premises where he was allegedly injured.

**FIFTH DEFENSE**

The alleged dangerous conditions, if any, existing upon the premises at the time or place where Plaintiff was allegedly injured, were open, notorious, and obvious to Plaintiff, thereby absolving Kimco from any liability to Plaintiff.

**SIXTH DEFENSE**

The injuries and damages about which Plaintiff complains, if any, may have been caused by intentional acts or the negligence of third persons over whom Kimco had no control, for which Kimco is not responsible, and for which Kimco has no liability, entitling Kimco to indemnity, contribution, offset, and apportionment as a result of such acts or negligence.

**SEVENTH DEFENSE**

To the extent any person or entity exists who has paid any amount to or for the benefit of Plaintiff on account of the event or injuries alleged in Plaintiff's Complaint and who has not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS § 411.188, and Plaintiff's Complaint is barred. In the alternative, Plaintiff is precluded from recovery of benefits that are the subject of subrogation rights. Plaintiff is not the real party in interest to the extent of any such payments.

**EIGHTH DEFENSE**

Kimco affirmatively asserts those defenses contained in Rule 8(c) of the Federal Rules of Civil Procedure, including, but not necessarily limited to, contributory negligence and estoppel. Kimco also asserts the Open and Obvious defense.

**NINTH DEFENSE**

Kimco reserves the right to file any crossclaims, counterclaims, and/or other third-party actions that may become appropriate and necessary in the course of discovery.

**TENTH DEFENSE**

To the extent that Plaintiff has failed in his duty to mitigate his damages, if any, these damages must be reduced accordingly.

**ELEVENTH DEFENSE**

Kimco denies any allegation not specifically denied in this Answer.

**TWELFTH DEFENSE**

Kimco reserves the right to assert any other affirmative defense that may become applicable as revealed in the course of discovery.

WHEREFORE, Defendant Kimco Realty OP, LLC, having answered Plaintiff's Complaint, demands as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. For its costs herein expended;
3. For a trial by jury on all issues so triable; and
4. All other appropriate relief to which it may now or hereafter be entitled.

**CROSS-CLAIM OF DEFENDANT KIMCO REALTY OP, LLC AGAINST KROGER LIMITED PARTNERSHIP I**

Defendant Kimco Realty OP, LLC ("Kimco"), by counsel, pursuant to Federal Rule of Civil Procedure 13(g), for its Cross-Claim against Defendant Kroger Limited Partnership I ("Kroger"), states as follows:

## I. JURISDICTION

1. Kimco realleges and incorporates the prior allegations set forth in its Answer as if fully set forth herein.

2. Jurisdiction is appropriate in this Court over this matter pursuant to 28 U.S.C. §§ 1332 and 1446. *See also* Notice of Removal [Dkt. No. 1].

3. Venue is appropriate in this Court, as the United States District Court at the Western District of Kentucky, Louisville Division, embraces the state court where Plaintiff originally filed his Complaint prior to Removal. *See* 28 U.S.C. § 1446; *see also* Notice of Removal [Dkt. No. 1].

## II. FACTUAL BACKGROUND

4. Kimco realleges and incorporates the prior allegations set forth in this Cross-Claim as if fully set forth herein.

5. In his Complaint, Plaintiff Thomas Hollingsworth ("Plaintiff") alleges that on or about June 23, 2023, Plaintiff visited a Kroger store located at or near 4501 Outer Loop, Louisville, Jefferson County, Kentucky (the "Property"). Plaintiff further alleges that while on the Property, he encountered a fuel island (the "Fuel Island"), and that he "f[e]ll on a defective, damaged and deteriorating metal strip and concrete" near the Fuel Island, causing injury. *See* Plaintiff's Complaint, at ¶15.

6. As a result, Plaintiff sued each of Kimco and Kroger, alleging "failure to warn of and/or inspect the [F]uel [I]sland area" and to "make the concrete and metal strip in the [F]uel [I]sland area reasonably safe." *See id.*, at ¶16.

7. At the time of the Incident and prior thereto, Kroger had leased the Property from Kimco. *See* relevant portions of Lease Agreement and subsequent modifications (the "Lease Agreement"), collectively attached hereto as **Exhibit 1**.[2]

8. In particular, as of April 13, 2012, Kroger leased the portion of the Property called the "Fuel Station Premises" (the "Fuel Station Premises"). *See* Lease Agreement, at p. 2.

9. At the time, no Fuel Island existed on the Property; however, pursuant to the Lease, Kroger obtained and eventually exercised the right "to construct, maintain, and operate an automotive fuel station and associated improvements," on the Fuel Station Premises. *See id.* at p. 3.

10. Pursuant to the Lease, "all improvements located on the Fuel Station Premises that [were] constructed or installed by [Kroger] [were] deemed to be the property of [Kroger]." *See id.* at p. 3.

11. Further, under the Lease, Kroger warranted that any improvements it installed or constructed on the Fuel Station Premises would be "structurally safe and sound, well built and fit, and kept in neat and attractive condition at all times." *See id.* at p. 4.

12. Under the Lease, Kroger was "responsible for all maintenance and repair of the improvements installed by it" with respect to the Fuel Station Premises, "including but not limited to the Fuel Station Facilities and Improvements[.]" *See id.* at p. 4.

[2] Originally, Kroger leased the Property from an entity called "Crow Kessler #3." *See* Lease Agreement, at p. 1. Crow Kessler #3's interest in the Property and rights under the Lease Agreement were eventually transferred to Kimco. *See generally id.*

13. The Lease also contained an indemnification provision in favor of Kimco, which states:

> [Kroger] shall indemnify, defend and hold [Kimco] and its mortgagee (if any) harmless from and against all claims and demands asserted against [Kimco] by any party, whether due to personal injury, death or damage to property, occurring on the Fuel Station Premises or the Shopping Center related to any construction work at the Fuel Station Premises, except to the extent such injury, death or damage to property is a result of the negligence or willful misconduct of [Kimco] its agents, employees or invitees. From and after commencement of construction of the Fuel Station Facilities, [Kroger] shall indemnify, defend and hold [Kimco] and its mortgagee (if any) harmless from and against all claims (including, without limitation, personal injury, death, property damage and cost of defense) arising, or alleged to arise, from any act or omission of [Kroger], its agents, employees, assignees, sublessees, contractors or invitees in connection with the Fuel Station Premises; except to the extent resulting from the negligence or willful misconduct of [Kimco], its agents and employees. This indemnity shall cover all occurrences between (i) the date construction commences on the Fuel Station Facilities and (ii) the date (if any) that [Kroger] finally completes removal of the Fuel Station Facilities and the Fuel Station Premises has been restored to its previous condition as part of the Common Area as hereinafter provided. This indemnity shall survive termination of the Lease.

*See id.* at p. 5.

14. Upon information and belief, Kroger installed "the concrete and metal strip" upon which Plaintiff allegedly fell in conjunction with Kroger's construction of the Fuel Station Premises and the Fuel Island under the Lease Agreement.

## III. <u>COUNT I – CONTRACTUAL INDEMNIFICATION</u>

15. Kimco realleges and incorporates the prior allegations set forth in this Cross-Claim as if fully set forth herein.

16. Plaintiff alleges that his Incident occurred as a result of his trip and fall on a "defective damaged and deteriorating metal strip and concrete" near the Fuel Island on the Fuel Station Premises. *See* Plaintiff's Complaint, at ¶15.

17. Pursuant to the Lease Agreement, "all improvements located on the Fuel Station Premises that [were] constructed or installed by [Kroger] [were] deemed to be the property of [Kroger]," and Kroger was "responsible for all maintenance and repair of the improvements installed by it" with respect to the Fuel Station Premises, "including but not limited to the Fuel Station Facilities and Improvements[.]" *See* Lease Agreement at pp. 3-4.

18. Further, pursuant to the Lease Agreement, Kroger is contractually obligated to provide indemnification to Kimco regarding Plaintiff's claims. *See id.* at p. 5.

19. Kimco denies liability for Plaintiff's claims against it. However, in the event that Kimco is deemed liable in any respect for the claims alleged or damages sought by Plaintiff in this action, Kimco is entitled to contractual indemnity from Kroger under the indemnity provisions in the Agreement, including defense costs, fees, and expenses incurred in defending the case.

## IV. <u>COUNT II – COMMON LAW INDEMNIFICATION</u>

20. Kimco realleges and incorporates the prior allegations set forth in this Cross-Claim as if fully set forth herein.

21. Plaintiff alleges that his Incident occurred as a result of his trip and fall on a "defective, damaged and deteriorating metal strip and concrete" near the Fuel Island on the Fuel Station Premises. *See* Plaintiff's Complaint, at ¶15.

22. Pursuant to the Lease Agreement, "all improvements located on the Fuel Station Premises that [were] constructed or installed by [Kroger] [were] deemed to be the property of [Kroger]," and Kroger was "responsible for all maintenance and repair of the improvements installed by it" with respect to the Fuel Station Premises, "including but not limited to the Fuel Station Facilities and Improvements[.]" *See* Lease Agreement at pp. 3-4.

23. Kimco denies liability for Plaintiff's claims against it. However, in the event that Kimco is deemed liable in any respect for the claims alleged or damages sought by Plaintiff in this action, Kimco's liability is passive, secondary, and constructive to the primary and active liability of Kroger in causing Plaintiff's alleged damages, if any, and Kimco is entitled to common law indemnification from Kroger for any liability it may have to Plaintiff, including defense costs, fees, and expenses incurred in defending the case.

WHEREFORE, Defendant/Cross-Claimant, Kimco Realty OP, LLC, respectfully demands the following:

1. Judgment dismissing Plaintiff's Complaint against Kimco with prejudice;

2. Judgment in favor of Kimco against Kroger Limited Partnership I, for any and all monies Kimco is forced to pay to and/or to expend as a result of the alleged damages sustained by Plaintiff;

3. Judgment for negligence, indemnification, contribution and/or apportionment against Kroger Limited Partnership I;

4. In the event Plaintiff obtains a judgment against Kimco, a judgment of indemnity against Kroger Limited Partnership I;

5. For an apportionment instruction at trial as to Plaintiff and Kroger Limited Partnership I, and all other parties or settling nonparties;

6. Costs and expenses incurred, including reasonable attorney's fees;

7. A trial by jury of all issues; and

8. Any and all other relief to which Kimco may appear to be entitled.

Respectfully submitted,

*/s/ Nathaniel T. Fowler*
Nathaniel T. Fowler
A. Riley Grant
FROST BROWN TODD LLP
400 West Market Street, 32nd Floor
Louisville KY 40202-3363
502-589-5400 Telephone
502-581-1087 Facsimile
nfowler@fbtlaw.com
rgrant@fbtlaw.com
***Counsel for Defendant Kimco Realty OP, LLC***

## CERTIFICATE OF SERVICE

I hereby certify a true and complete copy of the foregoing was served via electronic mail on the 6th day of January, 2025, to the following:

Howard L. Robinson
Robinson Law Firm PLLC
401 W. Main St., Suite 960
Louisville, KY 40202
hlrobinson@robinsonlawky.com
***Counsel for Plaintiff***

Bixler W. Howland
Bixler W. Howland, PSC
2721 Taylorsville Rd.
Louisville, KY 40205
bixler@loulaw.com
***Counsel for Plaintiff***

M. Trent Spurlock
Page E. Hornback
Dinsmore & Shohl, LLP
101 South 5th St., Suite 2500
Louisville, KY 40202
trent.spurlock@dinsmore.com
paige.hornback@dinsmore.com
***Counsel for Defendant Kroger Limited Partnership I***

*/s/ Nathaniel T. Fowler*
***Counsel for Defendant Kimco Realty OP, LLC***

0134251.0790255 4936-2251-5467v2