**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:24-CV-00400-DJH-CHL**

**THOMAS HOLLINGSWORTH,** **Plaintiff,**

**v.**

**THE KROGER CO., et al.,** **Defendants.**

# ORDER

Before the Court is the Notice of Settlement filed by Defendant Kimco Realty advising that all claims by it and against it have been resolved and requesting that its Motion for Summary Judgment (DN 36) and other filings be denied as moot (DN 63.) Subsequently and in response to the Court's August 7, 2026, Order (DN 65), the Parties filed a joint status report advising that several other motions were now moot and that the matter was now positioned for a productive settlement conference (DN 67). In light of these filings,

IT IS HEREBY ORDERED as follows:

(1) The Court construes the language of Kimco's Notice of Settlement (DN 63) identifying its Motion for Summary Judgment (DN 36) as moot as a request to withdraw it, and the same (DN 36) is hereby **WITHDRAWN**.

(2) Kimco's Motion Regarding Pending Filings (DN 63) is **GRANTED**. The Court will take no further action regarding the filings identified by Kimco (DNs 50, 56, 58).

(3) Kroger's Motion for Extension of Time (DN 46), the Parties' Joint Motion for Leave to Supplement (DN 59), and Kroger's Motion for Leave to Exceed Limits (DN 53) are **DENIED as moot**.

(4) Kroger's Motion to Amend/Correct Admissions (DN 47), Plaintiff's response to the same (DN 54), and Kroger's reply (DN 62) remain pending before the Court and will be addressed in due course via separate order.

(5) On or before **September 4, 2026**, Plaintiff and Defendant Kroger shall consult with their respective decisionmakers[1] and jointly contact the undersigned's Case Manager, Theresa Burch, via e-mail at theresa_burch@kywd.uscourts.gov with dates on which they are available for a settlement conference. A settlement conference will then be set by separate order. The Court will not require Defendant Kimco to participate given its pending dismissal motions (DNs 64, 66).

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

August 20, 2026

[1] The Court's Order for Settlement Conference will be more specific regarding who the Court considers an appropriate decisionmaker to participate in the settlement conference. However, in brief, the Court will require the attendance of each natural person party and a representative from each entity party employed by the entity party with full settlement authority, meaning that the individual can both approve a settlement and change the party's settlement posture during the course of the settlement conference. Should there exist an insurance carrier which may be liable for all or part of a possible judgment, an authorized representative of that insurance carrier employed by the insurance carrier shall also be required to attend.